FILED
JUL 18 2014
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALVIN GASKINS, )
2833 28th St., SE )
#1 )
Washington, DC 20020, )
                                   )
        PLAINTIFF   )
vs.                            )
                                 )
UNITED STATES, )
                                 )
       DEFENDANT  )

Case: 1:14-cv-01208
Assigned To : Collyer, Rosemary M.
Assign. Date : 7/18/2014
Description: general civil

## COMPLAINT

### THE PARTIES

1.     Plaintiff ALVIN GASKINS is a citizen of the District of Columbia.

2.     ALVIN GASKINS is not currently incarcerated.

3.     The Bureau of Prisons (BOP) is a component of the Department of Justice (DOJ), an agency of Defendant UNITED STATES.

### JURISDICTION AND VENUE

4.     This action arises under the Federal Tort Claims Act (FTCA).

5.     This Court has jurisdiction over the United States and the FTCA claim against it pursuant to 28 USC § 1346(b).

6.     Venue is proper in this district as to the FTCA claim pursuant to 28 USC § 1402(b)(2) because Plaintiff ALVIN GASKINS resides in the District of Columbia.

RECEIVED
JUN 30 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## STATEMENT OF FACTS

7. While incarcerated at USP Beaumont, a BOP penitentiary in Texas, the conviction for which ALVIN GASKINS was serving a sentence was overturned by the United States Court of Appeals for the District of Columbia Circuit with instructions to this Court to enter a judgment of acquittal.

8. On May 1, 2012, this Court entered a judgment of acquittal.

9. ALVIN GASKINS informed a prison counselor, Mr. Hadnot, that his conviction had been overturned and that he was entitled to be released immediately.

10. Mr. Hadnot took no action to verify this statement and instead threatened ALVIN GASKINS with further detention.

11. ALVIN GASKINS was entitled to be released on May 1, 2012.

12. ALVIN GASKINS was not released until May 15, 2012.

13. ALVIN GASKINS submitted an administrative claim to the Bureau of Prisons over six months ago, but has not received a decision regarding his claim.

14. ALVIN GASKINS is deemed to have exhausted his administrative remedies.

## COUNT I:
## FEDERAL TORT CLAIMS ACT – NEGLIGENCE

15. This Count realleges and incorporates by reference all of the preceding paragraphs.

16. Defendant owed a duty of care to ALVIN GASKINS to timely release him from detention.

17. Defendant breached that duty by failing to take adequate steps to effect his timely release.

18.     As a result of the Defendant's negligence, Plaintiff suffered injuries including, but not limited to, loss of his liberty.

## COUNT II:
## FEDERAL TORT CLAIMS ACT – FALSE IMPRISONMENT

19.     This Count realleges and incorporates by reference all of the preceding paragraphs.

20.     Defendant willfully deprived ALVIN GASKINS of his liberty without his consent and without legal justification.

21.     As a result of the Defendant's willful conduct, Plaintiff suffered injuries including, but not limited to, loss of his liberty

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Award Plaintiff compensatory damages in an amount to be determined at trial;

(2) Grant Plaintiff an award of litigation costs reasonably incurred in this action;

(3) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*