UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Alvin Gaskins,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**United States of America,** )<br>)<br>**Defendant.** )<br>) | Civil No. 14-cv-01208 (APM) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

In this suit brought under the Federal Tort Claims Act, Plaintiff Alvin Gaskins alleges that Defendant United States negligently and falsely imprisoned him when it failed to release him from jail until fourteen days after his conviction was vacated. Defendant has moved for partial summary judgment, not at this point contesting liability, but rather arguing that Plaintiff's damages are capped by Texas state law, which operates in this case to determine the extent of Defendant's liability. Defendant asserts that the Tim Cole Act, which is a Texas law that compensates certain wrongfully imprisoned persons at a rate of $80,000 per year, applies to Plaintiff. Under the Act, Defendant argues, Plaintiff's damages for two weeks of wrongful detention are approximately $3,100. Accordingly, the narrow question presented by Defendant's motion is whether the Tim Cole Act applies in this case.

The court concludes that the Tim Cole Act does not apply and denies Defendant's Motion for Partial Summary Judgment.

## II.     BACKGROUND

### A.     Factual Background

A jury convicted Plaintiff of conspiring to distribute narcotics; he was sentenced to 262 months of imprisonment. *See United States v. Gaskins*, 690 F.3d 569, 576 (D.C. Cir. 2012). On April 30, 2012, after he had served approximately eight years, the Court of Appeals reversed Plaintiff's conviction, finding that the evidence presented at trial was insufficient to sustain his conviction. *Id.*; Def.'s Statement of Material Facts not in Genuine Dispute [hereinafter Undisputed Material Facts], ECF No. 18, ¶ 3; Pl.'s Resp. to Def.'s Statement of Material Facts, ECF No. 20, at 9. The Court of Appeals also ordered the trial court to enter a judgment of acquittal, which occurred the next day, May 1, 2012. Undisputed Material Facts ¶¶ 3-4.

The federal Bureau of Prisons ("BOP") did not, however, release Plaintiff immediately. It allowed two weeks to pass before releasing him on May 15, 2012. *Id.* ¶ 5. At the time his conviction was vacated, Plaintiff was incarcerated at a BOP facility in Texas. Compl., ECF No. 1, ¶ 7.

### B.     Procedural Background

Plaintiff filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), alleging that the United States is liable for his over-detention under the common law torts of negligence and false imprisonment. *See* Compl. ¶¶ 4, 8-12, 15-21. Plaintiff sought compensatory damages, litigation costs, and any other appropriate relief. *Id.* at 3.

At a status hearing held on September 4, 2015, Defendant asserted that Texas law—which applies in this case for purposes of determining the extent of Defendant's liability under the FTCA—contains a statutory cap on the damages available to Plaintiff. The court suggested, and

the parties agreed, to brief that discrete issue on a partial motion for summary judgment, which is now before the court. *See* Def.'s Mot. for Partial Summ. J., ECF No. 18 [hereinafter Def.'s Mot.].[1]

### III. DISCUSSION

Plaintiff brings suit under Section 1346(b)(1) of the FTCA, which makes the United States liable

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the *law of the place where the act or omission occurred.*

28 U.S.C. § 1346(b)(1) (emphasis added). Defendant correctly notes that "'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'" Def.'s Mot. at 6 (quoting *Molzof v. United States*, 502 U.S. 301, 305 (1992)). Here, the acts and omissions at issue—a fourteen-day delay in releasing Plaintiff from a BOP facility—occurred in Texas. Accordingly, the parties agree that Texas law controls the "extent of the United States' liability under the FTCA." *Molzof*, 502 U.S. at 305; *see* Def.'s Mot. at 6; Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot. for Partial Summ. J., ECF No. 20, at 4.

Thus, Texas state law—specifically, the Tim Cole Act—enters the picture. Under the Tim Cole Act, certain wrongfully convicted and imprisoned persons are entitled to compensation from the state of Texas. Tex. Civ. Prac. & Rem. Code §§ 103.001-.154; *In re Blair*, 408 S.W.3d 843, 844 (Tex. 2013). A person who meets the Act's requirements "is entitled to compensation in an amount equal to $80,000 multiplied by the number of years in prison, expressed as a fraction to reflect partial years." Tex. Civ. Prac. & Rem. Code §§ 103.052(1). Based on this provision,

---

[1] Because Defendant filed its motion for partial summary judgment, statement of undisputed material facts, and memorandum in support of its motion in a single PDF, the court will use the page numbers assigned by ECF.

Defendant argues that the Tim Cole Act caps Plaintiff's compensatory damages at approximately $3,100, that is, approximately $1,550 per week at a rate of $80,000 per year.  *See* Def.'s Mot. at 1.

The question before the court is a purely legal one:  Does Texas' Tim Cole Act apply to Plaintiff?  To answer that question, the court begins with the relevant statutory text.  *See Hughey v. United States*, 495 U.S. 411, 415 (1990) ("[I]n all cases involving statutory interpretation, [courts must] look first to the language of the statute itself.") (citation omitted); *In re Blair*, 408 S.W.3d at 855 (Tex. 2013) (stating "[o]ur search for legislative intent [of the Tim Cole Act] begins with the statute's language").  Under the Act,

> (a) A person is entitled to compensation if:
>
>> (1) the person has served in whole or in part a sentence in prison under the laws of this state; and
>>
>> (2) the person:
>>
>>> (A) has received a full pardon on the basis of innocence for the crime for which the person was sentenced;
>>> (B) has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced; or
>>> (C) has been granted relief in accordance with a writ of habeas corpus.

Tex. Civ. Prac. & Rem. Code § 103.001(a).

A straightforward textual reading of the Tim Cole Act makes clear that it does not apply to Plaintiff.  He was neither pardoned nor judicially determined to be actually innocent.  He also did not seek or obtain relief by way of writ of habeas corpus.  Rather, his conviction was overturned on direct appeal because of insufficient evidence.  The plain text of the statute does not cover a person—like Plaintiff—in such a position.  A Texas intermediate appellate court agrees.  *See State ex rel. Abbott v. Young*, 265 S.W.3d 697, 699 (Tex. App. 2008) (finding that the Tim Cole Act

4

does not include an individual who "obtained acquittal on grounds of legal insufficiency of the evidence in his direct appeal").

Defendant wisely concedes that "the TCA does not technically encompass Mr. Gaskins[.]" Def.'s Mem. at 8 (citing § 103.001(a)(2)). It nevertheless argues that the Tim Cole Act "provides a key guidepost in measuring the compensatory damages to which Mr. Gaskins is entitled." *Id.* Defendant contends that not applying the Tim Cole Act's damages cap would lead to "nonsensical results." *Id.* at 9. Namely, if the court were not to apply the Act's damages cap in this case, Plaintiff could receive compensation at a higher rate (and a greater total amount) than a person who is found to be actually innocent. *See id.* As Defendant puts it, "Texas law values an innocent man's wrongful imprisonment at $80,000 per year, and [P]laintiff, who has not been declared actually innocent, cannot be said to have suffered a greater injury." *Id.*

Defendant's position is not without some appeal from a policy perspective. But nonetheless, it is an outcome that is clearly foreclosed by the plain text of the statue. As the Supreme Court of Texas has stated, "policy arguments cannot prevail over the words of the statute." *In re Allen*, 366 S.W.3d 696, 708 (Tex. 2012). And it is not for this court to decide whether the Texas state legislature, if given the opportunity, would amend the Tim Cole Act to extend its damages cap to a person, like Plaintiff, whose conviction was vacated on direct appeal because of insufficient evidence. The Tim Cole Act, as presently enacted, does not reach such persons. Accordingly, its statutory cap does not apply in this case.[2]

---

[2] The court's ruling does not foreclose the government from arguing to the court—which shall serve as the trier of fact in this case, *see* 28 U.S.C. §§ 1346(b)(1) and 2402—that the Tim Cole Act provides a fair measure of the damages if the United States is found to be liable. The court today simply holds that the Act's damages cap does not directly apply.

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is denied.

Dated:  May 26, 2016

Amit P. Mehta
United States District Judge